United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH ASGHAR,<br>   Plaintiff,<br>v.<br>TAYYAB FOOD, INC.,<br>   Defendant. | Case No. 23-cv-04360-DMR<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Plaintiff Abdullah Asghar filed the complaint against Defendant Tayyab Food, Inc. in August 2023, alleging wage and hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the California Labor Code. Defendant has not appeared in this action and default has been entered. Plaintiff has filed a motion for default judgment that is set for hearing on July 11, 2024. [Docket No. 19.]

The complaint alleges subject matter jurisdiction is proper because Plaintiff asserts violations of the federal FLSA. *See* Compl. ¶ 5; 28 U.S.C. § 1331 (providing that courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). It also alleges that the court has supplemental jurisdiction over the "transactionally related state claims" under 28 U.S.C. § 1367. Compl. ¶ 5. The complaint does not allege any other bases for subject matter jurisdiction.

Having reviewed the complaint, the court finds that it does not state claims for relief under the FLSA. The complaint alleges that Defendant violated FLSA's minimum wage and overtime requirements. Compl. 4-5. "FLSA sets a national minimum wage and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week." *Probert v. Fam. Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009–10 (9th Cir. 2011) (citing

29 U.S.C. §§ 206(a)(1), 207(a)(1)). "[T]hese requirements apply both on an individual basis to any employee 'who in any workweek is engaged in commerce or in the production of goods for commerce,' and on an enterprise-wide basis to all employees 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Id*. at 1010 (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)). Here, Plaintiff's complaint does not allege facts to support that he was an "employee" or that Defendant was an "employer" or "enterprise" under the FLSA. *See* 29 U.S.C. § 203(d), (e), (r)(1), (s)(1).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if—the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Accordingly, the court hereby vacates the July 11, 2024 hearing on Plaintiff's motion for default judgment. By July 31, 2024, Plaintiff is ordered to show cause in writing why the court should not recommend that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this case without prejudice.

**IT IS SO ORDERED.**

Dated: July 8, 2024



Donna M. Ryu
Chief Magistrate Judge